UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORAL MARINE SERVICES, INC. | CIVIL ACTION NO: |
| VERSUS | |
| | SECTION "   " |
| SMITH MARITIME, INC. | DIVISION (   ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Coral Marine Services, Inc. and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, respectfully represents:

## PRELIMINARY STATEMENT

This action seeks a declaration of the rights and responsibilities of Coral Marine Services, Inc. to Smith Maritime, Inc. with respect to a breakaway of a barge, the LIGHTHOUSE POINT, on or about 27th April 2015, and certain efforts undertaken by Smith Maritime that may have had a role with regard to salvage of the barge.

## PARTIES TO THE ACTION

1.

Plaintiff, Coral Marine Services, Inc. is a domestic company doing business in the state of Louisiana.  Coral Marine Services, Inc. is and was at all pertinent times the owner of the barge LIGHTHOUSE POINT, at the time of the breakaway on the barge LIGHTHOUSE POINT on April 27th 2015 of which forms the basis of this declaratory judgment action.

2.

Defendant, Smith Maritime, Inc., is a marine salvage company headquartered in Florida and doing business in the state of Louisiana. Smith Maritime, Inc.'s address is 967 Bulkhead Rd., Green Cove Springs, Fl, 32043.

## JURISDICTION AND VENUE

3.

This is a maritime and admiralty claim, regarding a claim for salvage of a vessel, and jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1333.

4.

This action for declaratory judgment is brought pursuant to Rules 9(h) and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et seq. Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., a party may institute a suit to obtain a declaratory judgment regarding its rights and other legal relations with respect to another party. Further, under 28 U.S.C. § 2202, a party may seek any "further necessary or proper relief based on a declaratory judgment."

5.

Venue is proper in this district under 28 U.S.C. § 1391 because the incident that forms the basis of this action occurred within this judicial district.

## FACTS

6.

On or about 27th April 2015, the LIGHTHOUSE POINT, a permanently-moored barge owned and operated by Coral Marine Services, Inc, broke away from its moorings during extreme and unanticipated high winds and heavy rains.

7.

A nearby pushboat, the M/V LADY LAFONT, owned and operated by Diamond Services, was engaged to corral the barge.  The M/V LADY LAFONT successfully pushed the LIGHTHOUSE POINT against a nearby dock, stopping any risk of sinking or damage to third-party property, prior to the arrival of any vessel or personnel from Smith Maritime, Inc.

8.

On information and belief, when a crewmember of Smith Maritime saw the LIGHTHOUSE POINT, Latham Smith, the owner of Smith Maritime, Inc., called the principal for Coral Marine Services, with whom he was familiar.  Coral Marine Services asked for Smith's assistance in securing, floating, and transporting the LIGHTHOUSE POINT.  Coral Marine Services' principal informed Smith Maritime's principal that Smith Maritime would be compensated for its efforts based on time and materials.  Smith Maritime then undertook the work.

9.

Sometime thereafter, a vessel owned and operated by Smith Maritime, Inc., the TUGS ELSBETH, arrived.  The M/V LADY LAFONT was still present.

10.

Personnel from both Coral Marine Services and from Smith Maritime, Inc. provided pumps and personnel to pump out the LIGHTHOUSE POINT.

11.

Smith Maritime, Inc. hired a third-party diver to patch certain holes in the hull of the LIGHTHOUSE POINT to further efforts to pump out the vessel and transport it safely.

12.

Following patching of the holes, Smith Maritime, Inc. transported the LIGHTHOUSE POINT to the nearby Coral Marine Services, Inc. dock.

13.

At no point while the Smith Maritime vessel was engaged in work of any sort for the LIGHTHOUSE POINT was the LIGHTHOUSE POINT in danger of sinking, principally because the LADY LAFONT was already present, pushing the vessel against the bank.

14.

At no point were the crew of the TUGS ELSBETH exposed to any danger other than the ordinary risks associated with their work in towage and salvage.  The inclement weather that caused the breakaway had passed in substantial part prior to the arrival of Smith Maritime's vessel.

15.

Smith Maritime did not prevent any further damage to the LIGHTHOUSE POINT.

16.

Smith Maritime's total involvement was less than twelve hours and the whole of Smith Maritime's work was within two miles of the Smith Maritime dock.

17.

Diamond Services, the owner of the M/V LADY LAFONT submitted an invoice to Coral Marine Services, Inc., which were paid fully and timely.

18.

Smith Maritime has made written demand on Coral Marine, claiming inaccurately they saved millions of dollars for Coral Marine Services, Inc.  Coral Marine Services, Inc. disputes the scope of work claimed to have been performed by Smith Maritime, Inc., the danger of work to which Smith Maritime, Inc. and its personnel were supposedly subjected, and the benefit provided by Smith Maritime, Inc.

## **CLAIM FOR RELIEF**

19.

Coral Marine Services, Inc. asks this Court for a declaration as to the value, if any, of the services provided by Smith Maritime to Coral Marine Services and the LIGHTHOUSE POINT.

20.

Coral Marine Services, Inc. further asks this Court for a declaration that the services provided by Smith Maritime were contractual salvage in nature, not pure salvage.

21.

**WHEREFORE**, Coral Marine Services prays that, after due proceedings had, this Court award declaratory relief and enter a judgment, setting the value of the services rendered by Smith Maritime, Inc. to the LIGHTHOUSE POINT.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

/s/ Harry E. Morse
**HARRY E. MORSE (LA 31515)**
**ELTON F. DUNCAN III (LA 14967)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: hmorse@duncansevin.com
E-Mail: eduncan@duncansevin.com
Attorneys for Coral Marine Services, Inc.